IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BILLY RAY HARPER | § | |
| v. | § | CIVIL ACTION NO. 9:07cv48 |
| DR. BETTY WILLIAMS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Billy Ray Harper, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On March 29, 2007, Harper was ordered to pay an initial partial filing fee of $4.00, pursuant to 28 U.S.C. §1915(b). He received a copy of this order on April 3, 2007. On September 14, 2007, Harper wrote to the Court saying that the fee had been withdrawn from his account, but he offered no evidence of this. No fee has ever been received, nor has Harper shown good cause for his failure to pay the fee.

On November 28, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court, with the statute of limitations suspended for 60 days following the date of entry of final judgment. Harper filed objections to this Report again saying that he had requested that the fee be withdrawn and saying that he can show that he requested that the fee be withdrawn, but again furnished no evidence to support his contention.

On December 20, 2007, the Magistrate Judge ordered TDCJ personnel to investigate Harper's claim that he had sought withdrawal of the money. The Magistrate Judge observed that in <u>Hatchet</u>

v. Nettles, the Fifth Circuit said that when a prisoner has not complied with an initial partial filing fee order within the applicable time period, the district court should take reasonable steps to ascertain whether the prisoner has complied with the order by such means as issuing an order to the custodial institution. The Magistrate Judge therefore directed the prison officials to investigate the accuracy of Harper's claim, specifically whether he had properly requested that the initial partial filing fee be paid to the Court and the request was not honored, or inadvertently omitted, by the unit law library or other personnel.

On January 18, 2008, the Court received a response from Warden Sweetin of the Eastham Unit. This response stated that the only request received from Harper was a request for a six-month printout of Harper's inmate trust account, which was received by prison officials on March 23, 2007; this printout was provided to Harper and was sent by him to the Court, where it was received on March 26, 2007. Warden Sweetin's response goes on to note that there are no requests for withdrawal by Harper during the time frame in question.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. It is further

ORDERED that the statute of limitations be and hereby is SUSPENDED for a period of 60 days following the date of entry of final judgment in this case. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **19** day of **March, 2008.**

_____
Thad Heartfield
United States District Judge